IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES MOORE, ) | |
|     ID # 02045821, ) | |
|         Petitioner, ) | |
| vs. ) | No. 3:17-CV-205-D (BH) |
| ) | |
| TDCJ, ) | Referred to U.S. Magistrate Judge |
|         Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

**I. BACKGROUND**

James Moore (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.

**A.    State Court Proceedings**

Petitioner was convicted of burglary of a habitation on his plea of guilty and sentenced to 10 years' imprisonment in Cause No. 15-10067-422 in the 422nd District Court of Kaufman County, Texas, on January 14, 2016. (*See* docs. 3 at 2-3; 13-2 at 8.)[1] He did not appeal. *See* (doc. 3 at 3); *see also* www.txcourts.gov (search for petitioner). Petitioner's state habeas application was signed on July 27, 2016, and received by the court on August 2, 2016. (*See* doc. 13-2 at 23, 40.) It was denied without written order. (*See* doc. 13-1); *see Ex parte Moore*, WR-85,691-01 (Tex. Crim. App.

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Oct. 26, 2016).

Petitioner was denied release on parole on April 14, 2016, based on his criminal history, drug or alcohol involvement, and unsuccessful periods of previous supervision on probation, parole or mandatory supervision that resulted in incarceration. (*See* doc. 15-1 at 2.)

**B.   Substantive Claims**

Petitioner's habeas petition, received on January 23, 2017, raises the following grounds:

(1) He was denied parole based on substance abuse, but he has never been in a drug treatment program;

(2) He qualifies for medical release intensive supervision;

(3) Counsel was ineffective for failing to investigate the fact that the victim filed an affidavit of non-prosecution.

(*See* doc. 3 at 6-7.)  Respondent filed a response on April 25, 2017.  (Doc. 15.)

## II.  PROPER RESPONDENT

"The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner]'." *Rumsfield v. Padilla*, 542 U.S. 426, 434 (2004), quoting 28 U.S.C. § 2242; see also Rule 2(a) of the Rules Governing Section 2254 Cases ("the petition must name as respondent the state officer who has custody" of petitioner). Generally, the only proper respondent is " 'the person' with the ability to produce the prisoner's body before the habeas court." 542 U.S. at 434-35. "In habeas challenges to present physical confinement-'core challenges'-the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." *Id.* at 435.

Because Petitioner challenges his incarceration under § 2254, either the warden of the institution where he is incarcerated or the chief officer in charge of state penal institutions is a proper

2

respondent. *See* Advisory Committee Notes to Rule 2(a) ("The proper person to be served in the usual case is either the warden of the institution in which the petitioner is incarcerated or the chief officer in charge of state penal institutions."). A habeas petitioner's failure to name the proper respondent is a procedural rather than a jurisdictional defect that may be corrected by amendment of the petition. *See Flores v. Dretke,* 120 F. App'x 537, 539 (5th Cir.2005) (noting that district court should have required petitioner to amend his petition to name the proper custodian to cure what amounted to a mere procedural defect), *citing West v. Louisiana,* 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds,* 510 F.2d 363 (5th Cir.1975).

Lorie Davis, the Director of TDCJ-CID, should be **SUBSTITUTED** as the proper respondent in this case, and TDCJ should be terminated as the respondent. *See West,* 478 F.2d at 1031 (noting that the district court would have been justified in treating the habeas petition as if the petitioner had named the proper respondent); *Shackelford v. Thaler*, No. H-11-3322, 2011 WL 4067955, at *1 n. 1 (S.D. Tex. September 13, 2011) (TDCJ-CID Director substituted for state district judge as respondent).

### III.  APPLICABLE LAW

Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term

3

of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law within the meaning of § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). As for the "unreasonable application" standard, a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; accord *Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C.

§ 2254(e)(1).

## IV. EXHAUSTION AND PROCEDURAL BAR

Respondent argues that Petitioner's claim of ineffective assistance of counsel at his guilty plea proceeding is unexhausted and procedurally barred. (*See* doc. 15 at 4-7.)

**A.  Exhaustion**

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust under § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir.1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review (PDR) or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432.

In the state habeas application, Petitioner raised claims about the denial of parole, and he raised a double-jeopardy claim challenging his conviction. He did not raise his claim about ineffective assistance of counsel in his state habeas application. (*See* doc. 13-2 at 28-37.) The claim is therefore unexhausted.

**B.  Procedural Bar**

Notwithstanding the lack of exhaustion, the claim about ineffective assistance of counsel is also procedurally barred from federal habeas review. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). The normal rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply to those cases where a petitioner has failed to exhaust his state court

5

remedies, and the state court to which he would be required to present his unexhausted claims would now find those claims to be procedurally barred. *Id*. In those cases, the federal procedural default doctrine precludes federal habeas corpus review. *Id*.; *see also Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) (finding unexhausted claim that would be barred by the Texas abuse-of-the-writ doctrine if raised in a successive state habeas petition, to be procedurally barred).

Here, if Petitioner brought his unexhausted claims in a subsequent state habeas corpus application, the Court of Criminal Appeals would consider those claims to be procedurally defaulted as a successive state habeas application under Article 11.07 § 4 of the Texas Code of Criminal Procedure, so his ineffective assistance claim is also procedurally barred from federal habeas review. *See Nobles v. Johnson*, 127 F.3d at 423.

## V.  DENIAL OF PAROLE

"Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'" *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)). There is no constitutional right of a convicted person to be conditionally released before the expiration of his sentence. *Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). The Fifth Circuit has found that state prisoners in Texas "have no protected liberty interest in parole." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). Because there is no federal constitutional right to release on parole, a habeas petitioner cannot state a constitutional violation based upon the denial of parole, even where he alleges that the parole denial was based on unreliable or even false information. *Id*. at 305, 308-09.

Because Petitioner has no constitutional right to be released on parole, the state court denial

6

of this claim was not contrary to federal law.

## VI.  MEDICAL RELEASE

Petitioner contends that he should be released on medically recommended intensive supervision (MRIS).

Section 508.146 of the Texas Gov't Code provides that a prisoner may be released on MRIS if certain qualifications are met. *See Foreman v. Director*, No. 6:11-CV-116, 2011 WL 5080180 at *8 (E.D. Tex. July 12, 2011), *rec. adopted* 2011 WL 5080174 (E.D. Tex. Oct. 24, 2011). A prisoner has no constitutionally protected liberty interest in release on MRIS, however. *See Barker v. Owens*, 277 F. App'x 482 (5th Cir. 2008) (holding in a civil rights case that a prisoner has no constitutionally protected interest in MRIS release); *Foreman*, 2011 WL 5080180 at *8 (citing *Barker* and holding that because petitioner had no constitutionally protected liberty interest in MRIS release, he was not entitled to federal habeas relief for the failure to release him on MRIS).

Because there is no constitutional right to be released on MRIS, the state court denial of this was not contrary to federal law.

## VII.  EVIDENTIARY HEARING

Upon review of the pleadings and the proceedings held in state court as reflected in the state court records, an evidentiary hearing appears unnecessary. Petitioner has not shown he is entitled to an evidentiary hearing.

## VIII.  RECOMMENDATION

Lorie Davis should be **SUBSTITUTED** as the proper respondent in this case, and TDCJ should be terminated as the respondent. The petition for habeas corpus relief under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

**SO RECOMMENDED** this 10th day of September, 2018.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE